UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM JOHNSON,

                          Petitioner,

        v.

STATE OF NEW JERSEY,

                          Respondent.

Civ. Action No. 23-1260 (JXN)

**OPINION**

**NEALS**, District Judge

This matter comes before the Court on *pro se* Petitioner William Johnson's ("Petitioner's") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Petition"). In accordance with Rule 4 Governing Section 2254 Cases, which is applicable to § 2241 through Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears . . . that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is dismissed without prejudice; and Petitioner is denied a Certificate of Appealability.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a pretrial detainee currently confined at South Woods State Prison in Bridgeton, New Jersey. Petition at p. 1, ¶ 1-3[1]. Petitioner challenges his pre-trial detention. *See, gen.,* Petition. In support, Petitioner alleges that on August 4, 2020, Piscataway, New Jersey police obtained a "Complaint-Warrant" that "charg[ed] [him] with murder . . . based" on a certification

---

[1] Page numbers refer to the ECF Header at the top of the Petition.

without an oath or affirmation.  *Id.* at 6, ¶ 13 "Ground One".  Plaintiff alleges that a "Grand jury

indicted [him] based on unsworn testimony of a detective despite evidence of self-defense." *Ibid.*

Petitioner further alleges that "Attorney Policastro refuse[d] to give [him] full discovery[] [a]nd

tried to get [him] to take a plea [agreement]."  *Id.* at 7, ¶ 13(b) "Ground Two".  Additionally,

Petitioner alleges that "Attorney Policastro" failed to file pre-trial motions.  *Id.* at (a).  Petitioner,

therefore, seeks dismissal of his indictment with prejudice.  *Id.* at 8, ¶ 15.

## II.       STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and that custody is "in violation of the Constitution or laws or treaties of the United States."

*Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3)).  Pursuant to Rule 4 of

the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b),

this Court is required to preliminarily review a petitioner's habeas petition to determine whether it

"plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief."  Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

(citations omitted).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial

detainee who 'is in custody in violation of the Constitution or laws or treaties of the United

States[.]'" *Duran v. Thomas*, 393 F.App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515

F.2d 437, 442 n.5 (3d Cir. 1975)).  "[T]hat jurisdiction[,]" however, is "exercised sparingly in

order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the

normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46).  Section

2241 is not used "to litigate constitutional defenses prematurely in federal court."  *Id.* (quoting

*Moore*, 515 F.2d at 445).  Indeed, the Third Circuit Court of Appeals has held that although federal

district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that

jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary

circumstances are present."  *Moore*, 515 F.2d at 443.  Thus, where no exceptional circumstances

are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal

charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner

makes a special showing of the need for such adjudication and has exhausted state remedies" by

presenting his claim to the highest state court.  *Id.*

III.    **DISCUSSION**

    In the Petition, Petitioner seeks to challenge his pending criminal proceeding by raising

claims regarding the validity of his indictment and an alleged ineffective assistance of counsel.

Petition at pp. 6-7.  Petitioner does not assert that he has exhausted these claims in state court.  In

addition, there is nothing extraordinary about the claims Petitioner raises.  Petitioner, therefore,

appears to attempt to prematurely raise his criminal defenses via habeas that is not permitted in

this Circuit.  *See Duran*, 393 F.App'x 3 (affirming dismissal of § 2241 habeas petition by state

pretrial detainee because petitioner did not exhaust his state remedies and failed to show

extraordinary circumstances); *see also Moore*, 515 F.2d at 445 ("We emphasize that nothing we

have said would permit the derailment of a pending state proceeding by an attempt to litigate

constitutional defenses prematurely in federal court.").

    Here, Petitioner has failed to present claims for which the Court may exert pre-trial habeas

jurisdiction.    Further, Petitioner has neither exhausted his state remedies nor presented

extraordinary circumstances warranting habeas relief without exhaustion prior to his criminal trial. Petitioner must demonstrate exhaustion and, if unsuccessful, present his claims to this Court in a petition for writ of habeas corpus. *See Moore*, 515 F.2d at 445 (stating adequate state-court review remains available to the petitioner "at trial and thereafter, on appellate review"). Accordingly, the Petition is dismissed without prejudice.

**IV.**     **CONCLUSION**

For the reasons set forth above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice.

An appropriate Order accompanies this Opinion.

s/ Julien Xavier Neals

DATED:  July 20, 2023                                    **JULIEN XAVIER NEALS**
United States District Judge